IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT FRANKLIN STEWART, )<br>AIS #197704, )<br>    )<br>    Plaintiff, )<br>    )<br>v.    )<br>    )<br>    )<br>J. C. GILES, et al., )<br>    )<br>    Defendants. ) | CIVIL ACTION NO. 2:09-CV-684-ID<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Robert Franklin Stewart ["Stewart"], an indigent state inmate, on July 21, 2009. The complaint is pending before the court on Stewart's challenges to actions taken against him at the Ventress Correctional Facility on July 8, 2009.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by Stewart. The report and evidentiary materials refute the conclusory allegations set forth in the instant cause of action. Specifically, these documents establish that no violation of Stewart's constitutional rights occurred regarding the actions taken against him for indecent exposure/exhibitionism. The court thereafter issued an order directing Stewart to file a response in opposition to the defendants' written report. *Order of September 18, 2009 - Court Doc. No. 14*. The order advised Stewart that his failure to respond to the defendants' written report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 1 (emphasis in

original). Additionally, the order "specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id.* The time allotted Stewart for filing a response in compliance with the directives of this order expired on October 5, 2009. As of the present date, Stewart has filed nothing in response to the defendants' written report. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case without prejudice is the proper course of action. Stewart is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Stewart has exhibited a lack of deference for this court and its authority as he has failed to comply with the orders entered in this case. It is therefore apparent that any additional effort by this court to secure Stewart's compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before November 3, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general

objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 21st day of October, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE